IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| LASHONDRA STEPHENS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | 1:16-CV-00103-LJA |
| | * | |
| GEORGIA DEPARTMENT OF, | * | |
| CORRECTIONS and | * | |
| KEVIN SPRAYBERRY, | * | |
| Warden, Calhoun State Prison, | * | |
| | * | |
| Defendants. | * | |

**DEFENDANTS' BRIEF IN SUPPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S COMPLAINT IN LIEU OF ANSWER**

COME NOW the Georgia Department of Corrections ("DOC") and Kevin Sprayberry, former Warden of Calhoun State Prison, Defendants in the above-styled action, by and through counsel, the Attorney General of the State of Georgia, and submit this Brief in Support of Their Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

### I. INTRODUCTION

Plaintiff LaShondra Stephens ("Plaintiff") brings this action against Defendants DOC and Kevin Sprayberry alleging sexual harassment and

---

[1] Defendants note that they each signed and returned to Plaintiff a waiver of service on July 27, 2016.

discrimination on the basis of sex. Plaintiff's Complaint should be dismissed as Plaintiff has failed to adhere to the administrative prerequisites to filing a claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") by (1) failing to file her Charge of Discrimination within the applicable statutory deadline and (2) failing to file her Complaint within ninety (90) days of receipt of the Notice of Right to Sue.

Plaintiff was employed as a correctional officer at Calhoun State Prison until her resignation on August 28, 2011.[2] (Complaint, ¶ 7). Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 410-2012-01804, on March 27, 2012, claiming discrimination on the basis of sex and sexual harassment.[3] (Defendants' Exhibit ("Def. Ex.") 1). Plaintiff was issued a Notice of Right to Sue from the Department of Justice for Charge No. 410-2012-01804 dated March 14, 2016.[4] (Complaint, ¶ 16, Ex. A). Plaintiff then filed the instant lawsuit in the United States District Court for the Middle District of Georgia on June 16, 2016. [Doc. 1]. For the reasons stated below, Plaintiff's Complaint should be dismissed with prejudice.

---

[2] Plaintiff alleges that she was forced to resign, constituting a constructive discharge. (Complaint, ¶ 7).

[3] While Plaintiff did not attach the Charge of Discrimination to her Complaint, Defendants received the charge directly from the EEOC through a request under the Freedom of Information Act.

[4] This matter was transferred from the EEOC to the Department of Justice after Plaintiff filed a Charge of Discrimination with the EEOC. (Complaint, ¶ 16, Ex. A).

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiff has failed to file her charge of discrimination within the applicable statutory deadline.

Plaintiff's Complaint must be dismissed because Plaintiff has failed to properly file a charge of discrimination within one hundred eighty (180) days as required by law. Prior to suing under Title VII, a plaintiff must first properly exhaust her administrative remedies. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (citing *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999)). Part of the exhaustion requirement is that the plaintiff must file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(b). Pursuant to 42 U.S.C. § 2000e-5(e)(1), "[a] charge under this section shall be filed within one hundred and eighty (180) days after the alleged unlawful employment practice occurred . . . ." "Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge." *Rizo v. Ala. Dep't of Human Resources*, 228 F.App'x 832, 835 (11th Cir. 2007) (citing *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)).

Plaintiff resigned from her position with DOC on August 28, 2011. (Complaint, ¶¶ 4, 7). Plaintiff filed her Charge of Discrimination with the EEOC on March 27, 2012. (Def. Ex. 1). In Plaintiff's Charge of Discrimination, she alleges that the latest date of discrimination occurred on August 28, 2011, her last

day of employment with DOC. *Id.* Plaintiff did not file her charge until two hundred twelve (212) days after the alleged latest incident of discrimination. *Id.* Because Plaintiff did not file her charge within the time required, her claims are barred, and her lawsuit must be dismissed.

**B. Plaintiff failed to file her complaint within ninety (90) days of receipt of the notice of right to sue.**

Plaintiff's Complaint must be dismissed because Plaintiff failed to properly file her lawsuit within ninety (90) days of her receipt of her Notice of Right to Sue as required by law. In order to be timely, a plaintiff must file her lawsuit within ninety (90) days of receipt of the Notice of Right to Sue issued by the EEOC or equivalent authority. Pursuant to 42 U.S.C. § 2000e-5(f)(1):

> [i]f a charge filed with the [EEOC] pursuant to subsection (b) of this section is dismissed by the [EEOC] . . . the [EEOC] . . . shall so notify the person aggrieved and within ninety days (90) after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ."

The Plaintiff has the burden of establishing that she has adhered to this requirement, and the 90-day window begins "to run upon receipt of certified letter at Plaintiff's residence." *Martinez v. United States Sugar Corp.*, 880 F. Supp. 773, 777 (M.D. Fla. 1995) (citing *Norris v. Florida Department of Health and Rehabilitative Services*, 730 F.2d 682 (11th Cir. 1984)).

4

In the instant matter, the Department of Justice mailed the Notice of Right to Sue on March 14, 2016. (Complaint, ¶ 16, Ex. A). Plaintiff does not reveal when she received the notice in her Complaint. "When a plaintiff does not assert that he or she received the right-to-sue letter on a specific date, the Court presumes the plaintiff received the letter three days after it was mailed."[5] *Marshall v. Eadison*, 2005 U.S. Dist. LEXIS 31376 (M.D. Ga. Nov. 22, 2005) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 (1984). Thus, it is presumed that Plaintiff received her Notice of Right to Sue on March 17, 2016. Plaintiff filed her Complaint on June 16, 2016, which is ninety-one (91) days after she is presumed to have received her Notice of Right to Sue, rendering her Complaint outside the applicable ninety (90) day statute of limitations. Because Plaintiff did not timely file her Complaint, the instant action should be dismissed.

### III. **CONCLUSION**

For the above and foregoing reasons, Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[5] This is not a bright-line rule, as the Eleventh Circuit has held, "the 90-day limitations period is to be analyzed 'on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimal responsibility . . . without conditioning a claimant's right to sue . . . on fortuitous circumstances or events beyond [her] control.'" *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (quoting *Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1340 (11th Cir. 1999)).

Respectfully submitted, this 15th day of August, 2016.

                                    SAMUEL S. OLENS      551540
                                    Attorney General

                                    DENNIS R. DUNN        234098
                                    Deputy Attorney General

                                    ANNETTE M. COWART   191199
                                    Senior Assistant Attorney General

                                    *s/K. Tate Gray*
                                    KEVIN TATE GRAY      919123
                                    Assistant Attorney General

Please address all
communications to:

KEVIN TATE GRAY
Assistant Attorney General
40 Capital Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 463-1064
Fax: (404) 657-9932
Email: kgray@law.ga.gov

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2016, I caused to be electronically filed the foregoing **DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN LIEU OF ANSWER** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following counsel of record:

>Wilbur T. Gamble, III, Esq.
>T@colliergamble.com

I also hereby certify that on August 15, 2016, I served a copy of **DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN LIEU OF ANSWER** and its Notice of Electronic Filing by sending a copy of each by U.S. Mail to the following:

>Wilbur T. Gamble, III
>P.O. Box 577
>Dawson, GA 39842

>*s/K. Tate Gray*
>KEVIN TATE GRAY          919123
>Assistant Attorney General