IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

LASHONDRA STEPHENS            :

    Plaintiff,                              :

VS.                                          : Civil Action File No: 1: 16-CV-00103-LJA

GEORGIA DEPARTMENT OF      :
CORRECTIONS AND               :
KEVIN SPRAYBERRY,             :
WARDEN, CALHOUN STATE PRISON, :

    Defendant.                            :

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION
TO DISMISS**

Comes now the Plaintiff, Lashondra Stephens, and files this Brief in response to

Defendant's Motion to Dismiss as follows:

**I.**

**ARGUMENT AND CITATION OF AUTHORITY**

**(A)      Plaintiff filed her charge of discrimination with the EEOC, the EEOC issued a Right
to Sue letter, and any objection to the timeliness of the administrative remedy was waived at
the time this matter was considered by the EEOC and it issued a Right to Sue letter.**

On March 27, 2012 Plaintiff filed a charge of discrimination with the EEOC alleging she was

forced to perform sex acts with a Supervisor at the Calhoun County Correctional Institution. A copy

of this charge of discrimination is attached hereto, marked Exhibit "A", and by express reference

made a part of this Brief.

As result of this filing, the EEOC issued a **Determination** finding *"there is reasonable cause

to conclude that the charging party was discriminated against because of her sex, in violation of*

*Title VII of the Civil Rights Acts of 1964, as amended."*

This letter required that a conciliation of the matter should begin. This Determination was dated July 30, 2013. A copy of the Determination is attached hereto, marked Exhibit "B", and by express reference made a part hereto of this Complaint.

On March 14, 2016, the US Department of Justice, Civil Rights Division, issued a "Notice of Right to Sue within 90 days" letter to Lashondra Stephens. A copy of this letter is attached hereto, marked Exhibit "C", and by express reference made a part of this Brief.

The Defendant's complaint about the timeliness of the filing of the Complaint were waived by the US Department of Justice as the US Department of Justice issued a notice of right to sue letter giving the Plaintiff, Lashondra Stephens, 90 days from receipt of the letter in which to file her suit. Any argument concerning timeliness is moot in that this right to sue letter establishes that Lashondra Stephens' right to sue exists so long as she filed within 90 days of receipt of the letter.

The letter marked as Exhibit "B", concerning the agency's Determination also required that conciliation of the matter should begin. After the conciliation is either unsuccessful, or the parties decline to accept conciliation, the Department will issue the Notice of Right to Sue. The US Department of Justice issued such a letter on March 14, 2016, almost 3 years after the Determination letter was issued and conciliation placed before the parties. During this almost 3 year time period, there was no objection raised by any parties as to the timeliness of the charge of discrimination and Defendant should now be estopped and barred from raising this defense. The Department of Justice issued their Notice of Right to Sue on March 14, 2016, and again no objection was raised by the Defendant, or the Government, concerning timeliness of the charge. In short, Defendants have waived any objection they might have to such a defense as evidenced by the US Department of Justice's issuance of the Notice of Right to Sue.

**(B)     The filing of the Complaint was within 90 days of the receipt of the Notice of Right to Sue and thus timely.**

Plaintiff did not receive the letter that was dated March 14, 2016, until at least 5 days after the letter was dated, as she received the letter on March 19, 2016.  The filing of the Complaint on June 16, 2016 is within the statutorily required 90 day limit.  The Defendant alleges that the time period used must be three days after it was mailed but Plaintiff shows the Court that Defendant should have within its means the ability to produce a certified mail receipt showing the exact date when it was signed for by the Plaintiff. Attached hereto is an Affidavit signed by Lashondra Stephens, marked Exhibit "D", and made a part hereto of this  response Brief indicating she received the letter on March 19, 2016.

WHEREFORE, Plaintiff prays as follows:

(1)     That Defendant's Motion to Dismiss be denied;

(2)     For such other and further relief as this Court deems just and equitable under the circumstances.

Respectfully submitted this 6th day of September, 2016.


/S/ W. T. Gamble, III
W. T. Gamble, III
Attorney for the Plaintiff

This Document Prepared By:
/S/ W. T. Gamble, III
W. T. Gamble, III
COLLIER & GAMBLE
State Bar NO: 283170
P.O. Box 577
Dawson, Georgia 39842
229-995-5657
dst