**PLAINTIFF'S EXHIBIT NO. B**



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Atlanta District Office

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
TTY (404) 562-6801
FAX (404) 562-6909/6910
Website: www.eeoc.gov

EEOC Charge No. 410-2012-01804

Lashondra Stephens                          Charging Party
1221 Augusta Drive
Albany, Georgia 31707

Calhoun State Prison                         Respondent
P.O. Box 249
Morgan, Georgia 39866

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Timeliness and all other jurisdictional requirements for coverage have been met.

Charging Party alleges that she was subjected to a sexually hostile environment and was constructively discharged by Respondent in violation of Title VII of the Civil Rights Act of 1964, as amended.

Respondent denies the allegation.

The evidence reveals that the Charging Party was subjected to severe and pervasive sexual harassment by her Supervisor, and was forced to perform sexual acts, in order to keep her employment with the Respondent. The evidence also indicates that the Charging Party was satisfactorily performing her job duties. The Charging Party was forced to resign (constructive discharge).

Credible witness testimony of record reveals that other female employees were also subjected to sexual harassment by the Supervisor. Management knew or should have known of the harassment and failed to take immediate action to avoid further harassment.

Based upon the evidence and the record as a whole, there is reasonable cause to conclude that the Charging Party was discriminated against because of her sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended.



PLAINTIFF'S EXHIBIT NO. 13

Letter of Determination
EEOC Charge Number 410-2012-01804
Page 2

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. In this regard, conciliation of this matter has now begun. A conciliation agreement containing the types of relief necessary to remedy the violation of the statute is included for your review. When the Respondent declines to enter into settlement discussions, or when the Commission's representative for any reason is unable to secure a settlement acceptable to the office Director, the Director shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons and the Commission. The confidentiality provisions of the statute and Commission Regulations apply to information obtained during conciliation.

You are hereby reminded that Federal Law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in the Commission's investigation is also prohibited. The protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

JUL 3 0 2013
Date

Bernice Williams-Kimbrough
Director
Atlanta District Office